# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA L. TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PALLARES, *et al.*,<br><br>　　　　Defendants. | Case No.  1:21-cv-01721-JLT-BAM (PC)<br><br>ORDER PROVIDING DEFENDANT FREEMAN WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br><br>(ECF No. 44)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Treauna L. Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against Defendants Showalter, Mitchell, and Freeman for negligence (medical malpractice).

　　　　On January 17, 2023, the Court directed E-Service on all defendants.  (ECF No. 25.)  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on a defendant.  If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

1    On January 17, 2023, the Court received information that Defendant Freeman could not be electronically served.  On May 2, 2023, the United States Marshal filed a return of service USM-285 form showing charges of $731.05 for effecting personal service on Defendant Freeman.  (ECF No. 44.)  The form shows that on April 7, 2023, this matter was forwarded to the Central District of California (CDCA) for personal service, and on April 28, 2023, process was personally served.  (*Id.*)  It is not clear from the USM-285 whether a waiver of service form was mailed to Defendant Freeman before personal service was attempted.  (*Id.*)

Pursuant to the Court's Order, Defendant Freeman was required to return a waiver to the United States Marshal—if one was sent and received—and the filing of an answer or a motion does not relieve them of this obligation.  Defendant Freeman did not return a waiver, which resulted in the execution of personal service on April 28, 2023.  (*Id.*)

Defendant Freeman filed an answer on June 7, 2023.  (ECF No. 53.)  The motion to dismiss filed by Defendants Mitchell and Showalter is fully briefed and is pending before the Court.  (ECF Nos. 30, 37, 46.)

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ."  Fed. R. Civ. P. 4(d)(2)(A).

As it is unclear whether Defendant Freeman was given the opportunity required by Rule 4(d)(1) to waive service and then failed to return the waiver to the United States Marshal, the Court shall provide Defendant Freeman with the opportunity to show good cause for failing to waive service.  If Defendant Freeman either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed.

Accordingly, it is HEREBY ORDERED that:

1. Defendant Freeman may, within **thirty (30) days** from the date of service of this order, **either**:

2

      a. Show good cause in writing for failing to waive service; **or**

      b. Reimburse the **$731.05** in costs incurred in effecting personal service by sending payment to the United States Marshals Service at 501 I Street, Suite 5600, Sacramento, California 95814, with the case number for this action clearly indicated; and

2. If Defendant Freeman fails to respond to this order or responds but fails to show good cause, the Court shall impose the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: **June 8, 2023**              /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE