# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA L. TURNER,<br><br>        Plaintiff,<br><br>    v.<br><br>PALLARES, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-01721-JLT-BAM (PC)<br><br>ORDER DISCHARGING JUNE 8, 2023 ORDER PROVIDING DEFENDANT FREEMAN WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br><br>(ECF No. 54) |

      Plaintiff Treauna L. Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against Defendants Showalter, Mitchell, and Freeman for negligence (medical malpractice).

      On January 17, 2023, the Court directed E-Service on all defendants. (ECF No. 25.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service on a defendant. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

      On January 17, 2023, the Court received information that Defendant Freeman could not be electronically served.  On May 2, 2023, the United States Marshal filed a return of service USM285 form showing charges of $731.05 for effecting personal service on Defendant Freeman. (ECF No. 44.)  The form shows that on April 7, 2023, this matter was forwarded to the Central District of California (CDCA) for personal service, and on April 28, 2023, process was personally


served.  (*Id.*)  Defendant Freeman filed an answer on June 7, 2023.  (ECF No. 53.)

As it was not clear from the USM-285 whether a waiver of service form was mailed to Defendant Freeman before personal service was attempted, (ECF No. 44), the Court provided Defendant Freeman with the opportunity to show good cause for failing to waive service.  (ECF No. 54.)

Defendant Freeman filed a response to the show cause order on June 20, 2023.  (ECF No. 55.)  Defendant Freeman filed a declaration indicating that she left the employ of Yosemite Pathology Medical Group ("YPMG") in 2016.  (ECF No. 55-1.)  While she was contacted by YPMG in 2020 and told that Plaintiff had served a California Code of Civil Procedure 364 Notice of Intent at the YPMG offices, she had no other communication or contact about any actions by Plaintiff until April 28, 2023, when she was personally served with the complaint at her current place of work.  (*Id.*)

In light of Defendant Freeman's declaration, signed under penalty of perjury, and having no other indication in the record that a waiver of service form was ever mailed to Defendant Freeman before personal service was attempted, the Court finds that Defendant Freeman has presented good cause for failing to waive service.  The order to show cause will be discharged and Defendant Freeman will not be required to reimburse the costs of effecting personal service.

Accordingly, it is HEREBY ORDERED as follows:

1. The June 8, 2023 order to show cause, (ECF No. 54), is DISCHARGED;
2. Defendant Freeman is not required to reimburse the costs of effecting personal service; and
3. The Clerk's Office shall serve a copy of this order on the United States Marshals Service.

IT IS SO ORDERED.

Dated:   **June 22, 2023**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE