# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA L. TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PALLARES, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01721-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 30) |

　　　　Plaintiff Treauna L. Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against Defendants Showalter, Mitchell, and Freeman for negligence (medical malpractice).  On March 14, 2023, Defendants Mitchell and Showalter filed a motion to dismiss.  (ECF No. 30.)  On April 17, 2023, Plaintiff filed an opposition.  (ECF No. 37.)  On May 16, 2023, Defendants filed a reply.  (ECF No. 46.)  On June 1, 2023, Plaintiff filed a sur-reply, and Defendants moved to strike the sur-reply.  (ECF No. 50, 51.)  The Court granted the motion to strike on June 7, 2023.[1]  The motion to dismiss is deemed submitted. Local Rule 230(l).

---

[1] On June 7, 2023, Defendant Freeman answered the complaint, but has not joined in the motion to dismiss.  (ECF No. 53.)

1

**I.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may also consider documents incorporated by reference into the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pleaded. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

**II.     Defendants' Motion to Dismiss**

  **A.  Brief Overview of the Case**

Plaintiff alleges a deliberate indifference to medical care and negligence (medical malpractice) for a misdiagnosis and lack of adequate examination arising from Defendants Mitchell's and Showalter's ignoring the symptoms/physical distortion of her breast as indicative of cancerous growth. Plaintiff alleges inadequate medical care resulting in a misdiagnosis of breast cancer.

///

### B. Defendants' Arguments

Defendants allege that Plaintiff's negligence (medical malpractice) claim should be dismissed for failure to allege compliance with the Government Claims Act and for Plaintiff's failure to timely file this action after Plaintiff's claim was rejected. Plaintiff's first amended complaint did not allege compliance with the Government Claims Act and her claim for negligence (medical malpractice) should be dismissed.

Plaintiff was informed of breast cancer on July 5, 2019. She filed a claim under the Government Claims Act on December 25, 2019. The claim was rejected on February 7, 2020, and Plaintiff was informed that she had six months to file a court action, which was no later than August 7, 2020. Plaintiff did not file her complaint in this action until December 6, 2021. The date for filing is determined by the date on which the public entity rejected the claim. Here, the rejection on February 7, 2020 triggered the six-month period for filing in state court. Her December 6, 2021 complaint is untimely.

### C. Plaintiff's Arguments in Opposition

Plaintiff alleges that after she filed her Government Claim, the "cause of actions were still ongoing while being housed in very unsafe, bad prison conditions." (ECF No. 37, p. 2.) Plaintiff alleges she is a wheelchair incarcerated person and cancer hit her mentally and physically, she was unstable and was deprived by prison officials of the privilege to leave her housing to visit the law library. Treatment for cancer, resulting surgery, chemotherapy and resulting incapacity (low blood cells) kept her in segregated housing. Her illness kept her from being able to meet the Government Claims Act deadlines, citing *Hernandez v. City of El Monet*, 138 F.3d 393 (9th Cir. 1998).

Plaintiff argues that *pro se* pleadings should be liberally construed. Plaintiff alleges it was out of her control to be able to comply with the time frame. She had ongoing chemotherapy and radiation treatment that led to her white cells dropping, coupled with COVID-19 restrictions, kept her too sick to get out of bed and out of isolation, making it impossible to file before August 7, 2020.

///

3

     **D.**    **Defendants' Reply**

The state law claims are time barred. Her treatment did not interfere with her ability to submit a government claim or pursue multiple grievances. No exception to the Government Claims Act applies.

Plaintiff does not dispute that she failed to comply with the Government Claims Act. Defendants argue that documents attached to the first amended complaint show she was actively filing and pursuing multiple prison grievances during and following the rejection of the government claim. Her cancer, medical treatment, and placement in segregated housing do not excuse the delay, citing *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043–44 (E.D. Cal. March 8, 2010)

None of the exceptions to the Government Claims Act apply. None of the enumerated exceptions in Cal. Gov. Code § 905 apply. She alleges a negligence claim, which does not fall within § 905. Her negligence (medical malpractice) claim should be dismissed.

**III.**    **Discussion**

     **A.**    **Request for Judicial Notice**

Defendants request the Court take judicial notice of certain documents. (ECF No. 31-2.) Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court may also take judicial notice of court filings and the contents of public records. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The Court will take judicial notice of Plaintiff's Government Claim Form, filed on December 25, 2019 as GCP No. 20000725 and the Written Notice of Rejection of Claim of Plaintiff's Government Claims Form, GCP No. 20000725, rejected on February 7, 2020. (ECF No. 30-1, pp. 4–8, 12–13.) These documents are not subject to reasonable dispute as they are public records that can be accurately and readily determined. *See Clarke v. Upton*, 703 F. Supp.

2d 1037, 1042 (E.D. Cal. 2010) ("taking judicial notice of the filing date and content of the Tort Claims and their rejection by the County, on the grounds that the documents are matters of public record and sets forth facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'"); *Davis v. Zimmerman*, 2018 WL 1806101, at *6, n.5 (S.D. Cal. 2018) (taking judicial notice of claim and rejection); *Placencia v. United States*, 2017 WL 3017708, at *2 (S.D. Cal. 2017) (taking judicial notice of claim).

The Court cannot take judicial notice of the documents submitted in opposition to the motion to dismiss: Exhibit A to the opposition which includes a skilled nursing facility schedule, Dr. Levy's medical recommendation, Plaintiff's treatment note. (ECF No. 37, pp. 8–15.) The Court is unable to take judicial notice of the documents attached to the Plaintiff's opposition. These documents do not qualify as documents for which judicial notice under Rule 201 is appropriate.

The Court, however, may consider documents attached to the first amended complaint. Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint when ruling on a Rule 12(b)(6) motion. *In re NVIDIA Corp. Secur. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). The Court will consider the documents attached to the first amended complaint. (ECF No. 20, pp. 16–47.)

**B.     Government Claims Act**

Under the California Government Claims Act,[2] set forth in California Government Code sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB"), and the VCGCB acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (1995). The purpose of this requirement is "to provide

---

[2] *See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1124 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.' " (quoting *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 68 Cal. Rptr. 3d 295, 171 P.3d 20, 23 (2007)).)

the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239 (fn. omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Defendants claim that Plaintiff's case is untimely because Plaintiff failed to file the case in court within six months of rejection of her government claim. In opposition, Plaintiff alleges she is excused from compliance due to her cancer, medical treatment, and placement in segregated housing.

Under California Government Code §§ 905 and 945.4, with a couple of exceptions that are not relevant here, "all claims for money or damages against local public entities" cannot be brought unless they were "presented to the public entity and . . . acted upon by the board [of the public entity], or . . . deemed to have been rejected by the board." *See Munoz v. State of California*, 33 Cal. App. 4th 1767, 1776 (1995). The six-month limitations period for bringing

6

suit is ordinarily mandatory and must be strictly construed. *Julian v. City of San Diego*, 183 Cal.App.3d 169, 176, 229 Cal.Rptr. 664, 668 (1986).

Plaintiff's claim was rejected on February 2, 2020. (ECF No. 30-1, p. 12 ("staff completed its investigation of your claim and rejected it . . .").) In the letter of rejection, Plaintiff was informed she had six months to file a court action. (*Id.* ("you have only six (6) months from the date of this notice … to file a court action on this claim.").) Plaintiff did not file this action until nearly eighteen months later, on December 6, 2021. Accordingly, this action is untimely.

Plaintiff cites *Hernandez v. City of El Monte,* 138 F.3d 393 (9th Cir. 1998) for the proposition that dismissal is a harsh sanction reserved for extreme circumstances, which should not be used here. However, *Henderson* is distinguishable because it did not involve failure to timely file under the California Government Claims Act. Rather, *Henderson* involved a *sua sponte* dismissal of the case for conduct in the case without the court considering less drastic measures. *Henderson* does not excuse a Plaintiff from complying with the timely filing requirement of the California Government Claims Act.

Nonetheless, the Court has explored whether equitable tolling or estoppel may be used to extend the limitations period for initiating a case in court following rejection of the claim. However, the Court has not found any authority which excuses the untimely filing of the claims in court, based on the facts alleged in the instant case.

Estoppel is available in all circumstances where the complaint alleges facts that, if true, would establish that the government had acted in an unconscionable manner. *Fredrichsen v. City of Lakewood*, 6 Cal. 3d 353, 359 (1971). For an estoppel to lie "[t]he estopped party must either misrepresent or conceal material facts with knowledge of the true facts (or gross negligence as to them) and with the intent that another who is ignorant of the facts will rely on the misrepresentation or concealment; an intent to deceive is not necessary." *Jordan v. City of Sacramento*, 148 Cal. App. 4th 1487, 1496 (City did not exhibit bad faith or otherwise act in an unconscionable manner).

Estoppel does not apply. The Court considers the arguments Plaintiff made in her opposition that her cancer, medical treatment, and placement in segregated housing made it

1 impossible for her to file a court action. However, as it relates to estoppel, the Defendants did not
2 make any misrepresentation to Plaintiff. At most, Plaintiff argues that due to her medical
3 condition and housing, she was unable to timely file this action. These reasons are insufficient to
4 invoke estoppel in light of the requirements for "mandatory and strict compliance" required by
5 section 945.6(a)(1).

6       The doctrine of equitable tolling may also apply to the limitation periods imposed by the
7 claims statutes. *Addison v. State of California*, 21 Cal. 3d 313, 316, 146 Cal. Rptr. 224, 578 P.2d
8 941 (1978) (holding that equitable tolling only applies "occasionally and in special situations").
9 California courts "exercise their inherent equitable powers to 'soften the harsh impact of technical
10 rules'" through the doctrine of equitable tolling. *Saint Francis Mem'l Hosp. v. State Dep't of*
11 *Pub. Health*, 9 Cal. 5th 710, 725 (Cal. 2020) (quoting *Addison*, 21 Cal. 3d at 321). Equitable
12 tolling may be appropriate where there is (1) timely notice, (2) lack of prejudice to the defendant,
13 and (3) reasonable and good faith conduct on the part of the plaintiff. *Id*. Equitable tolling
14 "fosters the policy of the law of this state which favors avoiding forfeitures and allowing good
15 faith litigants their day in court." *Addison*, 21 Cal. 3d at 321.

16       In *Wright v. State of California*, 122 Cal. App. 4th 659, 671 (2004), the court held that,
17 "[s]ince a litigant must exhaust administrative remedies before filing a court action, we exclude
18 the time consumed by the administrative proceeding from the time limits that apply to pursuing
19 the court action. This procedure serves the orderly administration of justice. Thus, we exclude
20 the time during which a litigant reasonably pursues his administrative remedy from the six-month
21 time limit for filing a court action after the Board of Control rejects a Government Tort Claim."
22 In *Leos v. Rasey*, No. 1:14-CV-02029 LJO JLT PC, 2017 WL 569534, at *2 (E.D. Cal. Feb. 13,
23 2017), the court, citing *Wright*, held that the six-month deadline to file an action after VCGCB
24 rejection was tolled during the time the plaintiff exhausted available administrative remedies via
25 CDCR's inmate appeal process.

26       Here, even if the Court were to apply equitable tolling while Plaintiff exhausted
27 administrative remedies via CDCR's inmate appeal process, the complaint in this action still
28 would be untimely. Plaintiff submitted her administrative grievance via CDCR's inmate appeal

8

process on December 20, 2019.  (ECF No. 20, p. 24.)  The administrative process was exhausted on June 1, 2020.  (ECF No. 20, p. 23 ("This decision exhausts your administrative remedies.").)  Following the conclusion of the administrative remedies, Plaintiff did not file her complaint in this case until December 6, 2021, over eighteen months later.  Thus, even if the six-months were tolled while Plaintiff pursued her administrative remedies via CDCR's inmate appeal process, her complaint filed on December 6, 2021, is not within six months of the exhaustion of her administrative remedies, June 1, 2020.  Accordingly, even giving Plaintiff credit for pursuing administrative remedies, Plaintiff's complaint is untimely. Therefore, the Court will recommend GRANTING Defendants' motion to dismiss the state law claim.[3]

Because the Court finds that the motion to dismiss must be granted, the Court does not address Defendants' other argument that Plaintiff's first amended complaint did not allege compliance with the Government Claims Act.

### IV.     Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that Defendants' request for judicial notice, (ECF No. 30-1), is GRANTED, and Plaintiff's implied request for judicial notice in her opposition, (ECF No. 37), is DENIED.

Further, it is HEREBY RECOMMENDED as follows:

1. Defendants' Motion to Dismiss, (ECF No. 30), be GRANTED and the state law claim for negligence (medical malpractice) against Defendants Showalter and Mitchell be DISMISSED with prejudice; and
2. This action proceed on Plaintiff's first amended complaint against Defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against Defendant Freeman for negligence (medical malpractice).

\* \* \*

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

---

[3] This motion does not involve the § 1983 claim against Defendants Showalter and Mitchell.  Cal. Govt. Code § 945.6 applies only to state claims; it does not alter the statute of limitations on a federal cause of action.  *See Silva v. Crain* 169 F3d 608, 610–11 (9th Cir. 1999) (42 U.S.C. § 1983 civil rights action.)

9

**(14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __June 29, 2023__                       /s/ Barbara A. McAuliffe
                                                                   UNITED STATES MAGISTRATE JUDGE