# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA L. TURNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PALLARES, *et al.*,<br><br>　　　　　　Defendants. | No. 1:21-cv-01721-JLT-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>(Doc. 57) |

In this action, Treauna Turner alleges deliberate indifference to medical care and negligence (medical malpractice) related to the defendants' alleged misdiagnosis and delayed treatment of symptoms/physical distortion of her breast, which was eventually identified to be breast cancer. (*See generally* Doc. 20.) This action proceeds on Plaintiff's first amended complaint against defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against defendants Showalter, Mitchell, and Freeman for negligence (medical malpractice). (Doc. 20.)

Defendants Showalter and Mitchell filed a partial motion to dismiss Plaintiff's medical malpractice claim for failure to allege compliance with the Government Claims Act and Plaintiff's failure to timely file this action after Plaintiff's government tort claim was rejected. (Doc. 30.) Defendant Freeman did not join in the motion to dismiss.

On June 29, 2023, the assigned magistrate judge issued findings and recommendations

1

1 recommending that the defendants' partial motion to dismiss be granted. (Doc. 57.) The findings
2 and recommendations were served on the parties, and contained notice that any objections were to
3 be filed within 14 days. (*Id.* at 10.) Plaintiff filed objections (Doc. 58), and the defendants filed a
4 reply. (Doc. 59.) According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo*
5 review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the
6 Court adopts the findings and recommendations in full.

7       As the magistrate judge explained, Plaintiff's government tort claim was formally rejected
8 on February 7, 2020, and Plaintiff was informed that she had six months to file a court action
9 pursuant to California Government Code § 945.6(a)(1), or no later than August 7, 2020. (Doc. 57
10 at 2.) It is undisputed that she did not file her complaint in this action—or take any other steps to
11 litigate the matter—until December 6, 2021, approximately sixteen months later. (*Id.*) Plaintiff
12 argues that her delayed filing should be excused because (1) she uses a wheelchair and has had
13 limited access to the law library; (2) she underwent treatment for cancer (apparently a double
14 mastectomy and chemotherapy), leaving her with a compromised immune system for periods of
15 time, while the COVID-19 pandemic was ongoing; (3) the above left her mentally and physically
16 unstable. (*See* Doc. 37 at 2–5.)

17       As the findings and recommendations indicated, even though the six-month deadline is
18 "mandatory and must be strictly complied with," *Sofranek v. Merced County*, 146 Cal. App. 4th
19 1238, 1246 (2007), equitable tolling nonetheless may apply to the limitation period imposed by
20 § 945.6. (Doc. 57 at 8 (citing *Addison v. California*, 21 Cal. 3d 313, 316 (1978) (holding that
21 "occasionally and in special situations" the statutory deadline set forth in § 945.6 may be
22 equitably tolled).) As the magistrate judge explained:

> California courts "exercise their inherent equitable powers to 'soften the harsh impact of technical rules'" through the doctrine of equitable tolling. *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 725 (2020) (quoting *Addison*, 21 Cal. 3d at 321). Equitable tolling may be appropriate where there is (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff. *Id*. Equitable tolling "fosters the policy of the law of this state which favors avoiding forfeitures and allowing good faith litigants their day in court." *Addison*, 21 Cal. 3d at 321.

2

1  (Doc. 57 at 8.)

2  The findings and recommendations recognized that equitable tolling justifies excluding from the limitations calculation, the time consumed by a litigant's exhaustion of administrative remedies. (*Id.* (citing *Wright v. California*, 122 Cal. App. 4th 659, 671 (2004) (holding that "[s]ince a litigant must exhaust administrative remedies before filing a court action, we exclude the time consumed by the administrative proceeding from the time limits that apply to pursuing the court action."). Applying *Wright*, the magistrate judge indicated it would be appropriate to toll the six-month filing deadline while Plaintiff was pursuing her available administrative remedies through the prison inmate appeal process. (Doc. 57 at 8.) Yet, that process concluded on June 1, 2020. (Doc. 20 at 23.) Using June 1, 2020 as the triggering deadline, Plaintiff's complaint would have been due in early January 2021, approximately one year before the complaint was filed. (*See* Doc. 57 at 8–9.) Accordingly, the relevant question is whether any *other* basis for equitable tolling exists.

The Court has independently reviewed the authorities and, like the magistrate judge, has not located any caselaw that applies equitable tolling in circumstances that resemble the facts of this case, namely where the plaintiff/claimant experienced significant medical issues during the relevant limitations period. The overwhelming majority of cases applying equitable tolling to § 945.6 involve situations in which the plaintiff timely filed a lawsuit, but in the wrong forum. In those cases, the "timely notice" requirement is interpreted to require the case be filed in the different forum "within the statutory period." *See, e.g., Tarkington v. Cal. Unemployment Ins. Appeals Bd.*, 172 Cal. App. 4th 1494, 1503 (2009). Here, Plaintiff did not file her case in any forum prior to the filing of the complaint in this case, so that line of cases is inapplicable. Though the Court is sympathetic to Plaintiff's situation, it has been unable to identify any factually analogous cases in which medical issues, or any other similar incapacity, was permitted to toll the statute of limitations under § 945.6. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on June 29, 2023, (Doc. 57), are **ADOPTED IN FULL**.
2. Defendants Showalter and Mitchell's partial motion to dismiss, (Doc. 30), is

3

1. **GRANTED**.
3. The state law claim for negligence (medical malpractice) against defendants Showalter and Mitchell is **DISMISSED**, with prejudice.
4. This action shall proceed on plaintiff's first amended complaint against defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against defendant Freeman for negligence (medical malpractice).
5. This action is referred to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __August 21, 2023__       *Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE