# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA L. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>PALLARES, *et al.*,<br><br>    Defendants. | Case No.  1:21-cv-01721-JLT-BAM (PC)<br><br>ORDER NOTIFYING PARTIES THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS NOT BEEN TRIGGERED BY FILING OF NOTICE OF SUGGESTION OF DEATH DUE TO SERVICE DEFICIENCY<br>(ECF No. 72)<br><br>ORDER STAYING ACTION PENDING RESOLUTION OF NOTICE OF DEATH<br><br>ORDER DIRECTING DEFENDANTS TO FILE PROOF OF SERVICE OR STATUS REPORT REGARDING SERVICE<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Treauna L. Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against Defendant Freeman for negligence (medical malpractice).

On May 17, 2024, Defendants Mitchell and Showalter filed a notice of death of Plaintiff Treauna L. Turner.  (ECF No. 72.)  The notice indicates that Defendants Mitchell and Showalter were informed that Plaintiff passed away on May 1, 2024, and the California Department of

1   Corrections and Rehabilitation provided the names and addresses of Plaintiff's son and daughter,
2   to be notified in the event of her death.  Defendants Mitchell and Showalter indicate that this
3   notice will be served on Plaintiff's son and daughter as required by Federal Rule of Civil
4   Procedure 4.  (*Id.*)

5   Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of this action, brought
6   by Plaintiff, if a motion for substitution is not made within ninety days after service of a statement
7   noting Plaintiff's death.  Fed. R. Civ. P. 25(a)(1).  Two things are required of a party for the
8   running of the ninety-day period to commence: a party must 1) formally suggest the death of the
9   party on the record, and 2) serve the suggestion of death on the other parties and the nonparty
10  successors or representatives of the deceased.  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.
11  1994).  In order for the ninety-day period for substitution to be triggered, a party must formally
12  suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other
13  parties and nonparty successors or representatives of the deceased with a suggestion of death in
14  the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3).
15  Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed.
16  R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be
17  served the suggestion of death in the manner provided by Rule 4 for the service of a summons.
18  Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.  Rule 25 requires dismissal absent a motion
19  for substitution within the ninety-day period only if the statement of death was properly served.
20  *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir. 1998).

21  Although Defendants Mitchell and Showalter filed a notice of suggestion of death
22  pursuant to Rule 25(a)(1), the notice has not yet been served on Plaintiff's nonparty successor(s)
23  or representative(s) as required by Federal Rule of Civil Procedure 4.  Therefore, as there is no
24  declaration of service or other proof reflecting that there was proper service of the notice on
25  Plaintiff's successor(s) or representative(s) as provided by Rule 4, the ninety-day period has not
26  been triggered.  <u>Once such a declaration of service or other proof has been filed, the ninety-day</u>
27  <u>period will begin</u>.
28  ///

1   Finally, in light of Defendant Freeman's pending motion for summary judgment, as well
2 as the upcoming deadlines for the completion of discovery and the filing of dispositive motions,
3 the Court finds it appropriate to stay this action pending resolution of the notice of death of
4 Plaintiff.  All applicable deadlines will be reset as necessary and appropriate.

   Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The parties are NOTIFIED that the ninety-day period for substitution of Plaintiff pursuant to Rule 25(a)(1) has not been triggered by the notice of death of Plaintiff, (ECF No. 72);
2. This action is STAYED pending resolution of the notice of death of Plaintiff; and
3. Within **thirty (30) days** from the date of service of this order, Defendants Mitchell and Showalter are DIRECTED to file a declaration of service or other proof reflecting proper service of the notice of death of Plaintiff on Plaintiff's non-party successor(s) or representatives(s) as discussed above, **or** a status report indicating the status of any efforts made towards proper service.

IT IS SO ORDERED.

Dated:   **May 20, 2024**            /s/ Barbara A. McAuliffe            _
                                           UNITED STATES MAGISTRATE JUDGE

3