# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA L. TURNER,<br><br>            Plaintiff,<br><br>      v.<br><br>PALLARES, *et al.*,<br><br>            Defendants. | Case No.  1:21-cv-01721-JLT-BAM (PC)<br><br>ORDER NOTIFYING PARTIES THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS BEEN TRIGGERED BY FILING OF NOTICE OF SUGGESTION OF DEATH AND PROOF OF SUFFICIENT SERVICE<br><br>(ECF Nos. 72, 74)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COURTESY COPY OF ORDER<br><br>**Motion for Substitution of Plaintiff Due: August 19, 2024** |

Plaintiff Treauna L. Turner ("Plaintiff") was a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Showalter and Mitchell for deliberate indifference to medical care in violation of the Eighth Amendment and against Defendant Freeman for negligence (medical malpractice).

On May 17, 2024, Defendants Mitchell and Showalter filed a notice of suggestion of death of Plaintiff Treauna L. Turner.  (ECF No. 72.)  The notice indicated that the notice would be served on Plaintiff's son and daughter as required by Federal Rule of Civil Procedure 4.  (*Id.*)  As the notice had not yet been served on Plaintiff's nonparty successor(s) or representative(s) as

1

required, the Court notified the parties that the ninety-day period for filing a motion for substitution pursuant to Federal Rule of Civil Procedure 25 had not been triggered. (ECF No. 73.) The Court directed Defendants Mitchell and Showalter to file a declaration of service or other proof reflecting proper service of the notice of death of Plaintiff on Plaintiff's nonparty successor(s) or representative(s), or a status report indicating the status of any efforts made towards proper service, within thirty days. (*Id.*)

On June 24, 2024, Defendants Showalter and Mitchell filed a proof of personal service of the notice of death of Plaintiff on Lorenzo Clay III on May 19, 2024. (ECF No. 74, p. 1.) The filing also included declarations of non-service of the notice of death of Plaintiff on Bre-auna D. Clay at two separate addresses. (*Id.* at 2–3.)

Federal Rule of Civil Procedure 25(a)(1) provides for the dismissal of this action if a motion for substitution is not made within ninety days after service of a statement noting Plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469–71 (2d Cir. 1998).

With the filing of the proof of service on Lorenzo Clay III, the Court finds that the ninety-day period for filing a motion for substitution of Plaintiff has been triggered as of May 19, 2024.

2

As with the notice of suggestion of death, any motion for substitution must be served on the non-party successor(s) or representative(s) of Plaintiff as required by Federal Rule of Civil Procedure 4, by personal service.  Fed. R. Civ. P. 25(a)(3).

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. The parties are NOTIFIED that the ninety-day period for substitution of Plaintiff pursuant to Rule 25(a)(1) has been triggered by the notice of suggestion of death and proof of service on Lorenzo Clay III, (ECF Nos. 72, 74);

2. Any motion for substitution of Plaintiff, made by any party, SHALL be filed and served on all parties and <u>personally served</u> on the non-party successor(s) or representative(s) of Plaintiff, on or before **August 19, 2024**;

3. The Clerk of the Court is DIRECTED to serve a courtesy copy of this order on Lorenzo Clay III, by U.S. mail, at the residential address provided in ECF No. 74, p. 1; and

4. **<u>If no motion for substitution of Plaintiff is filed by any party on or before August 19, 2024, this action will be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1)</u>.**

IT IS SO ORDERED.

Dated:   **June 24, 2024**              /s/ *Barbara A. McAuliffe*       _
                                           UNITED STATES MAGISTRATE JUDGE

3