UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREAUNA TURNER,<br><br>        Plaintiff,<br><br>    v.<br><br>M. PALLARES, et al.,<br><br>        Defendants. | Case No.: 1:21-cv-1721 JLT BAM<br><br>ORDER DISMISSING THE ACTION PURSUANT TO RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |

    Defendants filed a Notice of Death of Plaintiff Treauna Turner on May 16, 2021.  (Doc. 72.)  Defendants then served Plaintiff's son, Lorenzo Clay III, with the notice on May 19, 2024.  (Doc. 74.)  Following the filing of the proof of service upon Mr. Clay, the Court notified the parties that any motion to substitute Plaintiff was due within 90 days of service upon Mr. Clay, or not later than August 19, 2024.  (Doc. 75 at 2-3.)

    Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, an action may continue with a decedent's successor or representative.  However, a decedent's successor or representative may file a motion for substitution to proceed.  Importantly, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent <u>must</u> be dismissed."  Fed. R. Civ. P. 25(a)(1) (emphasis added).  Thus, there are two requirements under Rule 25(a) for the 90-day period to be triggered: a formal notice of suggestion of death must be (1) filed on the record and (2) served upon other parties and the nonparty successor or representative.  *Barlow v. Ground*, 39 F.3d

1

231, 233 (9th Cir. 1994).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

As the Court previously determined, the 90-day period was triggered on May 19, 2024.  *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994); *see also Silas v. Sheriff of Broward Cnty.*, 55 F.4th 872, 876 (11th Cir. 2022) ("nonparties must be notified to begin the 90-day period provided by Rule 25(a)(1)"); *Summerfield v. Fackrell,* 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served).  Thus, any motion to substitute was due no later than August 19, 2024.  Because a motion was not filed, Plaintiff's claims must be dismissed. *See* Fed. R. Civ. P. 25(a)(1).  Accordingly, the Court **ORDERS**:

1. The action is **DISMISSED** pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.
2. The Clerk of Court is directed to terminate pending motions and close this case.

IT IS SO ORDERED.

Dated:   **September 16, 2024**

UNITED STATES DISTRICT JUDGE